# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| XAVIER LANIER CONRAD, | ) | |
| | ) | |
| Petitioner, pro se, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | 1:10CV77 |
| UNITED STATES OF AMERICA, | ) | 1:08CR193-2 |
| | ) | |
| Respondent. | ) | |

Petitioner Xavier Lanier Conrad, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 105).[1] Petitioner was indicted on a number of charges related to the possession and distribution of cocaine base (docket no. 26). He later pled guilty to a single count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (docket nos. 49, 50, 52). He was sentenced to 171-months imprisonment (docket no. 70). Petitioner did not appeal, but instead filed his current motion under Section 2255. In that motion he raises a single claim for relief which alleges that his attorney provided ineffective assistance of counsel by not arguing that Petitioner's designation as a career offender under the United States Sentencing Guidelines (USSG) overrepresented his criminal history. Respondent has filed a response asking that the motion be denied (docket no. 113). Despite

---

[1] This and all further cites to the record are to the criminal case.

being given an extension of time to submit a reply, Petitioner has not done so. Petitioner's motion is now before the court for a decision.

## DISCUSSION

As noted, Petitioner's only claim is that his attorney provided him with ineffective assistance of counsel by not claiming that the career offender designation used at sentencing overrepresented Petitioner's criminal history. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing, a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Petitioner's former attorney has submitted an affidavit explaining his reasons for not making an argument in favor of a downward departure based on overrepresentation. He states first that Petitioner never asked him to make the

argument. Second, and more important, he states that he did not make the argument because he did not think that the sentencing judge would have seriously considered a variance from the USSG on that ground (docket no. 114, ¶¶ 5-6). The government was already making a motion for a downward departure on other grounds. For that reason, counsel chose instead to argue that the starting point for that departure should be the bottom of the 262- to 327-month Guidelines range calculated under the career offender guideline. (*id.* ¶ 7.) Thus, the decision not to seek the variance suggested by Petitioner was a strategic one in which Petitioner's attorney chose to make an argument that he considered more likely to succeed over one that he did not deem viable.

In general , the court must give great deference to the strategic decisions of counsel. There is also ample support for that decision in the record in this case. Although Petitioner claims that his criminal history was overrepresented, his Presentence Report (PSR) actually reveals that he did have a significant record. In fact, even without the career offender designation which increased his criminal history category to VI, Petitioner had sufficient criminal history points to fall into a criminal history category of V (PSR ¶ 11). Further, his record of legal employment was scattered at best (PSR ¶¶ 59-62).

There are also clear indications in the record that the overrepresentation argument, if it had been made, would have failed. The sentencing judge informed the parties at the beginning of the sentencing hearing that he was not independently

considering any grounds for a departure outside of the one recommended by the government (docket no. 113 at 3). Also, the sentencing judge eventually rejected counsel's argument that the starting point for the calculation of the departure sought by the government should be the bottom of the career offender guideline range, or 262 months. The sentencing judge stated that he would have imposed a sentence of 285 months and then adjusted downward from there (*id.* at 15). Given the statements of the judge at sentencing, it is clear that Petitioner's attorney was correct; an overrepresentation argument would not have succeeded. Counsel did not err by failing to raise that futile argument and, in any event, did not prejudice Petitioner. Petitioner's single claim for relief fails and should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 105) be **DENIED** and that Judgment be entered dismissing this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
July 28, 2010